IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GREGORY TYRONE DOTSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) NO. 3:23-CV-00099 ) ) |
| WARDEN SHAWN PHILLIPS, *et al.*, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE HOLMES ) |
| Respondents. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Tyrone Dotson, currently in the custody of the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a pro se petition for habeas corpus relief under 28 U.S.C. § 2241. (Doc. No. 1). Respondent Warden Shawn Phillips has filed a Motion to Dismiss the petition. (Doc. No. 9).[1]

Also pending before the Court is a Motion to Issue Injunctive Relief and a Protective Order (Doc. No. 14), "Motion to Amend Certificate of Services" (Doc. No. 18), and Motion for Manual Filing (Doc. No. 19) filed by Petitioner, all pro se. As directed by the Court, Respondent has filed a response to Petitioner's Motion to Issue Injunctive Relief and a Protective Order (Doc. No. 14).

I.   MOTION TO ISSUE INJUNCTIVE RELIEF AND A PROTECTIVE ORDER

On May 15, 2023, Petitioner filed a Motion to Issue Injunctive Relief and a Protective Order, alleging that prison officials acted in a retaliatory manner after Petitioner filed the instant petition for federal habeas relief pursuant to 28 U.S.C. § 2241. (Doc. No. 14). More specifically, Petitioner alleges that "Shawn Phillips and his staff and security at Bledso[e] County, and

---

[1] Respondent's Motion to Dismiss (Doc. No. 9) and Motion to Waive Filing of State Court Record (Doc. No. 11) remain pending and will be addressed by the Court after Petitioner's June 30, 2023 deadline.

1

specifically Unit 21-B-Pod" removed documents and papers from Petitioner's prison cell on May 4, 2023. (*Id*. at 1). Additionally, Petitioner alleges that that the "mailroom continues to [withhold] [his] printed case laws from friends and family on the outside," which has "hinder[ed] [him] & thwarted [his] efforts for responding[.]" (*Id*. at 3).

Where a prisoner is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus." *Presier v. Rodriguez*, 411 U.S. 475, 500 (1973). "It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id*. at 484.

A petition for writ of habeas corpus is not the proper vehicle in which to challenge conditions of confinement. *See Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006) ("Generally, a federal court's authority in a habeas proceeding . . . extends only to determining the legality of a petitioner's state-court conviction and sentence, and not to addressing the conditions of his confinement."); *Cameron v. Gomez*, No. 6:21-11-HRW, 2021 WL 1044242, at *1 (E.D. Ky. Feb. 1, 2021) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus")). Habeas corpus relief is not available to prisoners who complain only about the conditions of their legal incarceration. *See Hodges*, 170 F. App'x at 392. Instead, "requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad*, 540 U.S. 749, 750.

2

Case 3:23-cv-00099   Document 21   Filed 06/06/23   Page 2 of 5 PageID #: 179

Here, Petitioner's motion challenges the conditions of his confinement. The allegations in his motion fall outside of the scope of habeas corpus review because Petitioner does not seek to invalidate either pending criminal charges against him or the conviction on which he is presently confined. Instead, he seeks redress from actions he claims were unlawfully committed against him recently during the course of his present confinement. Consequently, Petitioner's avenue for challenging that alleged conduct would be an action under 42 U.S.C. § 1983. *See Hodges*, 170 F. App'x 389, 395 (vacating district court's injunctive order because petitioner's allegations of mistreatment and conditions of confinement were beyond the scope of a habeas proceeding but could be addressed in a Section 1983 complaint).

In any event, by Order entered on May 15, 2023, the Court directed the Clerk of Court to forward copies of Doc. Nos. 5 (Order), 7 (Order), 9 (Motion to Dismiss), 10 (Memorandum In Support of Motion to Dismiss), and 13 (Order) to Petitioner. (Doc. No. 16 at 2). Assuming Petitioner's allegations are true (that prisons officials removed his legal documents and papers), the Court has ensured, by directing these documents to be mailed to Petitioner free of charge, that Petitioner has the filings he needs to prepare a proper response to Respondent's Motion to Dismiss in this habeas action. If Petitioner wishes to challenge the access he has to the prison library, or other conditions of his confinement, he must pursue those challenges by filing a separate action under Section 1983.

Accordingly, Petitioner's Motion to Issue Injunctive Relief and a Protective Order (Doc. No. 14) is **DENIED**.

II. "MOTION TO AMEND CERTIFICATE OF SERVICES" AND MOTION FOR MANUAL FILING

Petitioner's "Motion to Amend Certificate of Services" (Doc. No. 18) and Motion for Manual Filing (Doc. No. 19) are related, so the Court will address them together.

By Order entered on May 15, 2023, the Court extended Petitioner's deadline for responding to Respondent's Motion to Dismiss (Doc. No. 16) to June 30, 2023 because Petitioner had informed the Court that, due to various issues at his facility, he likely would be unable to respond to Respondent's Motion in a timely manner.

In Petitioner's subsequently filed "Motion to Amend Certificate of Services", Petitioner asks the Court to permit Petitioner to amend his "responses and certificate of service." (Doc. No. 18 at 1). Petitioner states that, on May 15, 2023, he "sent his assistant Ms. Moore to hand deliver [Petitioner's] documents and responses." (*Id*.) Petitioner asks the Court to "accept Petitioner's responses to be hand delivered instead of being mailed by FedEx." (*Id*.) In the same motion, Petitioner asks the Court to "amend the attached Exhibit(s) (M) with and to Exhibit (M)." (*Id*. at 2).

In Petitioner's Motion for Manual Filing, he asks the court to "manually file" Petitioner's "responses . . . along w/ the exhibits (K) containing a (USB) drive." (Doc. No. 19 at 1). Petitioner also references a "memorandum of law" to which a USB drive is attached. (*Id*.)

Petitioner submitted a letter dated May 15, 2023, to the Court on May 18, 2023 (Doc. No. 17) which could be construed as Petitioner's response to Respondent's Motion to Dismiss. However, the letter was not titled as such, and the Court is unclear whether Petitioner's repeated references in Docs. No. 18 and 19 to his "responses" are meant to refer to his May 15, 2023 letter. The Court has not received, whether by mail or by manual delivery, any other filings by Petitioner since May 15, 2023, including a memorandum of law. Further, the Court has reviewed the docket and cannot locate an exhibit "M" attached to Petitioner's filings with which to substitute the new exhibit "M." Finally, the Court has conferred with Clerk's Office staff and has been assured that

no USB drive was submitted to the Clerk for filing along with any of Petitioner's recent submissions.

Under these circumstances, the Court cannot grant Petitioner's most recent motions. (Doc. Nos. 18 and 19). All litigants, including Petitioner, are free to hand-deliver filings to the Court, absent a Court order to the contrary. But the Court does not appear to have received the manual filings referenced by Petitioner, such as as a memorandum of law and a USB drive. And it is simply unclear to what Petitioner refers by "responses." Accordingly, Petitioner's Motions (Doc. No. 18 and 19) are **DENIED WITHOUT PREJUDICE** to renew, if appropriate.

If the Court does not receive a filing clearly titled as Petitioner's Response to Respondent's Motion to Dismiss by June 30, 2023, the Court will construe Petitioner's letter (Doc. No. 17) as his timely response.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE