IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREGORY TYRONE DOTSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:23-cv-00099 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| WARDEN ZAC POUNDS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Gregory Tyrone Dotson ("Petitioner"), proceeding *pro se*, has filed a petition under 28 U.S.C. § 2241. (Doc. No. 1). Before the Court is Respondent's Motion to Dismiss, which he has filed in lieu of an answer to the Petition. (Doc. No. 9). The following motions are also pending before the Court: Respondent's Motion to Waive Filing of the State-Court Record (Doc. No. 11); Petitioner's Motion for Manual Filing (Doc. No. 26); Petitioner's Motion to Issue Immediate Release (Doc. No. 27); Petitioner's Motions to Amend his Response (Doc. Nos. 29, 30); and Petitioner's Motion "To Be Heard" (Doc. No. 34).[1]

For the reasons discussed herein, Respondent's Motion to Waive Filing of the State-Court Record (Doc. No. 11) will be **GRANTED**; Petitioner's Motion for Manual Filing (Doc. No. 26) will be **GRANTED**; Petitioner's Motion to Issue Immediate Release (Doc. No. 27) will be **DENIED** without prejudice to refiling at an appropriate time; Petitioner's Motions to Amend his Response (Doc. Nos. 29, 30) will be **GRANTED**; and Petitioner's Motion "To Be Heard" (Doc.

---

[1] Petitioner's Motion "To Be Heard" appears, at first blush, to be a motion for a hearing. (Doc. No. 34). However, the Court has reviewed his motion, and he does not appear to ask for a hearing. Instead, he is only asking that the Court consider his filing as further support for his factual allegations alleged in his Petition. (*Id.* at 1 (asking the Court "to review Petitioner's written letter, brief" and exhibits); *id.* ("[T]hese materials are only too [sic] shed lite and for insight[.]")).

No. 34) will be **GRANTED**. In addition, Respondent's Motion to Dismiss (Doc. No. 9) will be **GRANTED**, and the Petition (Doc. No. 1) will be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Petitioner is challenging his detainment stemming from his September 15, 2022 arrest and subsequent charges for aggravated assault, aggravated robbery, and possession of a firearm with the intent to commit a dangerous felony. (Doc. No. 1 at 1; Doc. No. 2 at 13, 16–19). He first appeared in Davidson County General Sessions Court on September 19, 2022, and he was appointed counsel on September 22, 2022. (Doc. No 10 at 2–3; Doc. No. 10-5). After numerous continuances, "due to what appear[ed] to be issues related to service of subpoenas," Petitioner's General Sessions matters were bound over to a grand jury for presentment on December 15, 2022. (Doc. No. 10 at 3). On March 3, 2023, the grand jury indicted Petitioner in Case No. 2023-A-367 on one count of aggravated assault with a deadly weapon, two counts of aggravated robbery, and one count of possession of a firearm with the intent to commit a dangerous felony. (*Id*.; *see* Doc. Nos. 10-5,10-6).

On February 2, 2023, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1). The Court, after conducting a preliminary review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases, ordered Respondent to "file an answer, plead, or otherwise respond to the petition." (Doc. No. 5 at 1). Respondent filed a Motion to Dismiss the Petition without prejudice, pursuant to the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. No. 9). Petitioner has filed a Response to Respondent's motion. (Doc. No. 22).

## II. ANALYSIS

Under 28 U.S.C. § 2241, a court may issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. Unlike 28 U.S.C. § 2254, which applies to a petitioner "in custody pursuant to the judgment of a State court," *id.*, § 2241 applies to pretrial detainees who are "in custody pursuant to indictment," *Phillips v. Ct. of Common Pleas*, *Hamilton Cnty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012). It is clear from the public record that Petitioner is in custody pursuant to indictment in Case No. 2023-A-357.[2] It is also clear, based on his factual allegations in his Petition, that he is challenging his confinement as a pretrial detainee. (*See* Doc. Nos. 1, 2). Section 2241, therefore, is the path Petitioner "must travel down" for relief. *See Saulsberry v. Lee*, 937 F.3d 644, 657 (6th Cir. 2019) (stating that § 2241 is the proper avenue for relief for pretrial detainees).

### A. Plaintiff's Allegations

The Court is mindful that Petitioner "enjoy[s] the benefit of a liberal construction of" his pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Hanes v. Kerner*, 404 U.S. 519, 520 (1972) ("*Pro se* pleadings are construed liberally."); *But see Coleman v. Shoney's Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("[P]ro se parties must still brief the issues advanced with some effort at developed argumentation." (internal quotation marks and citation omitted)). It has therefore endeavored to actively interpret Petitioner's allegations raised in his Petition and other pro-se filings. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition to encompass any allegation stating federal relief." (internal quotation marks and citation omitted)).

---

[2] *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2327803%5E5675682%5ECJIS/GREGORY%5EDOTSON%5E03061983%5E262479/ (last visited Mar. 27, 2024).

Here, Petitioner challenges his detainment in numerous ways, but his first few claims center around the legality of his arrest. First, Petitioner alleges that his arrest was unlawful because the arrest affidavits were based on "false reports to deceive the magistrate judge into issuing an arrest warrant." (Doc. No. 1 at 6; Doc. No. 2 at 11). In other words, Petitioner argues that the affidavits for his arrest were not based on probable cause, and consequently, the evidence, i.e., "warrants and affidavits," that the General Sessions Court allowed the State to use against him, should be suppressed under the fruit of the poisonous tree doctrine. (Doc. No. 1 at 6; *see* Doc. No. 2 at 3, 6). Second, due to his false arrest, he claims that the General Sessions Court, the prosecutor, and prison officials have deprived him of due process and equal protection under the law. (Doc. No. 1 at 6; *see* Doc. No. 2 at 4–5 (alleging his arrest and prosecution were motivated by "bias" and "prejudice").

Petitioner's remaining claims of constitutional error appear to arise out of the probable cause hearing. Petitioner alleges that, during the probable cause hearing, the General Sessions Court "force[d]" him to take the stand, did not allow the parties to read from "the affidavits . . . against" him, and failed to inform him of the charges against him. (Doc. No. 2 at 3, 13–14). He further claims he was the victim of malicious prosecution and was denied the right to confront witnesses who testified against him. (Doc. No. 1 at 6).[3]

---

[3] Petitioner also appears to raise a double-jeopardy claim, but the factual basis for this claim is unclear. (*See* Doc. No. 1 at 1("I am twice put in jeopardy.")).

B.  **Non-Dispositive Motions**

The Court begins by considering the non-dispositive motion filed by the parties.

1. Motion for Manual Filing

Petitioner moves the Court to manually file a USB drive. (Doc. No. 26 at 1). A notation in the record shows that the Court has received it, and the Court has confirmed with the Clerk's office that it is in receipt of the USB Drive. Petitioner's Motion for Manual Filing (Doc. No. 26) is **GRANTED**.

2. Motions to Amend and Motion "To Be Heard"

Petitioner moves the Court to amend his response to Respondent's Motion to Dismiss, and he has filed a Motion "To Be Heard." (Doc. Nos. 29, 30, 34). In his first motion to amend, he alleges that he was denied effective assistance of counsel because he never had an "initial hearing" despite his attempts to communicate with his court-appointed attorney. (Doc. No. 29 at 1). In his second motion to amend, he alleges that the State withheld exculpatory evidence—specifically, interviews it had with Petitioner's codefendant. (Doc. No. 30 at 2). In his motion to be heard, he asks the Court to consider his filings as further support for his factual allegations alleged in his Petition. (Doc. No. 34).

Respondent has not filed opposition to Petitioner's motions, and under this Court's local rules, Petitioner's motions are therefore unopposed. M.D. Tenn. L.R. 7.01(a)(3). For this reason, and in the spirit of liberal construction of Petitioner's filings, the Court will consider Petitioner's Motion "To Be Heard" to the extent that he asks the Court to consider this filing. (Doc. No. 34). It will also consider the factual allegations in his motions to amend as part of his initial response to Respondent's Motion to Dismiss. Petitioner's Motion "To Be Heard" and Motions to Amend (Doc. Nos. 29, 30, 34) are therefore **GRANTED**.

### 3. Motion to Waive Filing of the State-Court Record

Under Rule 5 of the Rules Governing Section 2254 Cases, a respondent is not required to file an answer or copies of the state-court record unless "a judge so orders" the respondent to do so. *Id*. If a judge orders the respondent to file an answer, Rule 5 provides that a respondent must also file the state-court record, including transcripts of relevant state-court proceedings, any briefs the petitioner or prosecution submitted in an appellate court relating to the petitioner's conviction or sentence, and opinions and dispositive orders of the appellate court. *Id*. By order dated March 30, 2023, the Court ordered Respondent to file an answer and, "if appropriate," the "complete state court record relevant to its response." (Doc. No. 5 at 2).

Respondent moves the Court to waive "this requirement" because, at the time Respondent filed its Motion to Waive Filing of the State-Court Record, a state-court record had not yet been developed. (Doc. No. 11 at 2). In addition, Respondent explains that it has moved for dismissal under *Younger*, and therefore Respondent insists that it has "provided the documents relevant to this Court's adjudication" of the Motion to Dismiss. (*Id*. at 2). If the Court denies Respondent's Motion to Dismiss, Respondent indicates that it will collect any documents relevant to Petitioner's constitutional challenges from the trial court. (*Id*. at 2).

Considering the Court's ruling on Respondent's Motion to Dismiss, Respondent's Motion to Waive Filing of the State-Court Record is well-taken. Respondent's Motion to Waive Filing of the State-Court Record (Doc. No. 11) is therefore **GRANTED**.[4]

---

[4] Petitioner did not file a response to Respondent's Motion to Waive Filing of the State-Court Record. But he addressed the merits of Respondent's motion in a separate filing—in his response to Respondent's Motion to Dismiss. (Doc. No. 22 at 13). However, this Court's local rules provide that, with certain exceptions, a response to a motion must be filed no later than fourteen days after service of the motion. M.D. Tenn. L.R. 7.01(a)(3). And Petitioner's response to Respondent's Motion to Dismiss was filed on June 15, 2023, (Doc. No. 22), almost two months after Respondent filed its Motion to Waive Filing of the State-Court Record, and therefore, well beyond the allotted time frame for filing a response under this Court's local rules. Petitioner otherwise fails to offer any excuse for his untimely response, and

6

**C. Respondent's Motion to Dismiss and Petitioner's Motion to Issue Immediate Release**

Respondent argues that the Petition must be dismissed without prejudice under *Younger*'s abstention doctrine because "the issues raised in this petition may be resolved in state court through state procedures that remain available to Petitioner as part of his ongoing state proceedings." (Doc. No. 9). Respondent maintains that *Younger* abstention applies "without exception." (*Id.*).

Although § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions," *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981), the Supreme Court in *Younger* held "that absent extraordinary circumstances[,] federal courts should not enjoin pending state criminal prosecutions," *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger*, 401 U.S. at 37). "*Younger* abstention derives from a desire to prevent federal courts from interfering with functions of state criminal prosecutions and to preserve equity and comity." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017). Stated another way, the principles embodied in *Younger* "are designed to allow the State an opportunity to 'set its own house in order' when the federal issue is already before a state tribunal." *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

In determining whether *Younger* abstention applies, courts consider the following criteria: whether (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995). Here, the three factors under *Younger* are met. First, it is clear from the public record that Petitioner's state judicial proceedings arising out of his September 15, 2022 arrest, are ongoing in Case No. 2023-A-367,

---

therefore, any response to Respondent's Motion to Waive Filing of the State-Court Record is waived. *See* M.D. Tenn. L.R. 7.01(a)(3) ("If a timely response is not filed, the motion shall be deemed unopposed.").

and his next court proceeding is scheduled for April 25, 2024.[5] Second, Petitioner's pending criminal case satisfies the second criterion under *Younger* because "the prosecution of crimes implicates the important state interest of interpreting statutes and maintaining law and order within a state." *Montgomery v. Hall*, No. 3:21-cv-00701, 2022 WL 2721056, at *2 (M.D. Tenn. June 6, 2022) (quoting *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020)). Third, Petitioner has not shown that he is unable to raise the constitutional challenges, that he sets forth in his Petition, in state court. *See Kelm*, 44 F.3d at 420 ("[T]he plaintiff must prove the inadequacy of the state courts.").

But "[e]ven where all three prongs are met" an exception may still render *Younger* abstention inappropriate, and Petitioner argues that an exception applies in his case. *Goodwin v. Cnty. of Summit*, 45 F. Supp. 3d 692, 701–02 (N.D. Ohio 2014).[6] According to Petitioner, his "state proceeding is motivated by a desire to harass or is conducted in bad faith." (Doc. No. 22 at 2 (internal quotation marks omitted)). In support of his argument, he directs the Court to "Exhibit (A)" attached to his Petition, which, according to Petitioner, "shows how the detectives and states [sic] prosecutor" have been contacting "his community correction case officer Sarah Duggan" to

---

[5]   *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2327803%5E5675682%5ECJIS/GREGORY%5EDOTSON%5E03061983%5E262479/ (last visited Mar. 27, 2024).

[6]   To be clear, three exceptions to *Younger* abstention exists. A party asserting an exception must show: (1) a statute is "flagrantly and patently violative of express constitutional prohibitions"; (2) the state proceeding is motivated by a desire to harass or is conducted in bad faith; or (3) "any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 53–54. Petitioner identifies all three of these exceptions in his response. (Doc. No. 22 at 2). But, while his response is fourteen pages in length, he only develops legal argumentation around one exception: whether the state proceeding is motivated by a desire to harass him or is conducted in bad faith. (*Id*.). He then devotes the rest of his response to rehashing the claims he has raised in his Petition and responding to Respondent's Motion to Waive Filing of the State-Court Record. (*Id*. at 4–14). The Court is mindful that it must liberally construe Petitioner's filings, but "liberal treatment of" his *pro se* filings "does not require lenient treatment of substantive law," and the Court is not required to construct arguments on Petitioner's behalf. *Durante v. Fairline Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *see Nelson v. Serv. Towing, Inc.*, No. 2:22-cv-10918, 2024 WL 989572 at *9 (E.D. Mich. Feb. 5, 2024) ("[T]he substance [of the petitioner's allegations] is hidden in a maze of conclusory legal jargon. The Court is not required to engage in a scavenger hunt to find it.").

tell her that he had two handguns and admitted that they were his. (*Id*. at 3). Petitioner maintains that, for this reason, the detectives and state intended "to cause discord, and a warrant to be issued by [] [his] case officer" for his arrest even though Petitioner insists that he was in a "self-defense situation." (*Id*.). In addition, in support of his assertion that the "state proceeding is motivated by a desire to harass or is conducted in bad faith," he reiterates many of his factual allegations in his Petition. (*Id*. at 2-4 (stating that the probable cause affidavits "were all crafted and generated instantly with the malicious and vindictiveness intent, to falsely arrest, and unlawfully, and falsely imprisoned [him]")).

As set forth above, a petitioner may be entitled to federal habeas corpus review under an exception to the *Younger* abstention doctrine when "the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975). But the Sixth Circuit has recognized that this exception "has been narrowly construed." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986); *see Doe v. Lee*, No. 3:21-cv-00809, 2022 WL 1164228, at *6 (M.D. Tenn. Apr. 19, 2022) (noting that the "exceptions to *Younger* have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit") (citations omitted). And although the Sixth Circuit has recognized that "bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine," it also recognized that "[s]uch cases are [] exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court." *Tindall v. Wayne Cty. Friend of the Ct.*, 269 F.3d 533, 539 (6th Cir. 2001).

Here, Petitioner has not met his burden of showing that an exception to *Younger* applies. *Goodwin*, 45 F. Supp. 3d at 702 ("Plaintiffs bear the burden of demonstrating the existence of one of the exceptions to *Younger* abstention." (citation omitted)). The documents he cites to in "Exhibit

9

(A)" are four affidavits for Petitioner's September 15, 2022 arrest. (Doc. No. 2 at 15–19). But the affidavits make no reference to the state contacting Petitioner's "case officer." (Doc. No. 22 at 3). And even if they did and Petitioner's allegations were true, his allegations simply do not rise to the level of egregious bad faith or harassment, and he does not otherwise explain why he cannot challenge the state's alleged misconduct either by motion to the trial or on appeal to the state appellate courts. *See Tindall*, 269 F.3d at 539 (explaining that federal intervention under this exception is "exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court"); *see also Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 974 (S.D. Ohio 2010) (finding allegations of improper motivations did not rise "to the level of egregious bad faith or harassment").

As a final matter, to the extent that Petitioner raises a double-jeopardy claim, (Doc. No. 1 at 1), such a claim also is an exception to the general rule of *Younger*, which again, requires federal courts to abstain from interfering with pending state criminal proceedings. *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011). But Petitioner still must have exhausted his available state-court remedies as to this claim. *Id*. To satisfy the total-exhaustion requirement, a habeas petitioner must preserve a constitutional claim for federal habeas review by "fairly present[ing]" it to the state courts. *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (internal quotation marks and citation omitted). A constitutional claim is fairly presented when "the petitioner asserted both a factual and legal basis for his claim in state court." *Id*. Also, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The Sixth Circuit has determined that "[a] petitioner exhausts his double-jeopardy claim

when he moves to dismiss the charges against him, and, if the state permits interlocutory appeals, pursues his argument through the state's highest court." *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020) (citing *Klein v. Leis*, 548 F.3d 425, 420 n.2 (6th Cir. 2008)).

Based on two motions that Petitioner has attached to his Petition, he did appear to move for dismissal of his charges in the General Sessions Court on November 28, 2022 and on December 28, 2022. (Doc. No. 1 at 28–41). However, despite searching these documents and liberally construing his filings, Petitioner does not appear to have moved for dismissal based on double-jeopardy grounds. (*See id.*).[7] And even if Petitioner had raised a double-jeopardy argument with the General Sessions Court, the record before the Court, as it stands now, does not show that he pursued this argument through the state's highest courts. *Humphrey*, 840 F. Supp. 2d at 1043.[8] In Tennessee, presentation of a federal claim to the Court of Criminal Appeals—the state's intermediate appellate court—is sufficient to exhaust it. *See* Tenn. S. Ct. R. 39 ("[A] claim presented to the Court of Criminal Appeals shall be considered exhausted even when such claim is not renewed in the Supreme Court on automatic review."); *see also Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (noting that "Rule 39 clearly removed Tennessee Supreme Court review

---

[7] Petitioner's motions to dismiss that he filed in state court focus on the legality of his arrest, evidence that he argues is suppressed pursuant to the poisonous-tree doctrine, the prosecutor's "actual vindictiveness," the credibility of the victims mentioned in the arrest warrants, and alleged violations of his due-process rights. (Doc. No. 1 at 28–41).

[8] Petitioner has attached an appellate brief that was filed on his behalf in the Tennessee Court of Criminal Appeals in October of 2023. (Doc. No. 34). It is unclear, though, whether the appeal is relevant to the charges that are currently pending in Case No. 2023-A-367 or to any of the constitutional claims Petitioner raises in his Petition that is before the Court. In any event, none of the claims raised in the brief are for double jeopardy. (*Id.* at 15). They, instead, are limited to the following issues: whether (1) the trial court violated Petitioner's right to confrontation and to due process; (2) the trial court abused its discretion by finding that Petitioner violated his Community Corrections; and (3) the trial court abused its discretion in placing Petitioner's sentence into effect rather than placing him on a split confinement sentence. (*Id.*). This appellate brief, therefore, does not show that Petitioner "fairly presented" his double-jeopardy claim to the Court of Criminal Appeals. *Fulcher*, 444 F.3d at 798.

as an antecedent for habeas purposes"). Petitioner has not shown that he presented his double-jeopardy claim to the Court of Criminal Appeals, and he therefore has not exhausted this claim.

To conclude, the Court, under *Younger*, must abstain from interfering with Petitioner's ongoing state-court criminal proceeding, and Respondent's Motion to Dismiss (Doc. No. 9), is **GRANTED**. Considering the Court's ruling in Respondent's favor, Petitioner's Motion to Issue Immediate Release (Doc. 27), which the Court views as a supplement to the Petition, is **DENIED WITHOUT PREJUDICE**. *See Goodwin*, 45 F. Supp. 3d at 706 (granting dismissal under *Younger* and denying all other pending motions without prejudice to "re-fil[ing] at an appropriate time").[9]

### III. CERTIFICATE OF APPEALABILITY

The Court must consider whether to issue a certificate of appealability ("COA"), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a habeas corpus case only if he is issued a COA, and a COA should issue only when the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). When a district court denied a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's determination that the Petition should be dismissed without prejudice under *Younger*, a COA will not issue.

---

[9] Petitioner, in his Motion to Issue Immediate Release, merely repeats the same claims and allegations he sets forth in his Petition. (Doc. No. 27).

## IV. CONCLUSION

For the foregoing reasons, Respondent's Motion to Waive Filing of the State-Court Record (Doc. No. 11) is **GRANTED**; Petitioner's Motion for Manual Filing (Doc. No. 26) is **GRANTED**; Petitioner's Motion to Issue Immediate Release (Doc. No. 27) is **DENIED WITHOUT PREJUDICE** to refiling at an appropriate time; Petitioner's Motions to Amend his Response (Doc. Nos. 29, 30) are **GRANTED**; and Petitioner's Motion "To Be Heard" (Doc. No. 34) is **GRANTED**. It is further **ORDERED** that Respondent's Motion to Dismiss (Doc. No. 9) is **GRANTED**, and the Petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**. A COA will not issue.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE